## SAN ANTONIO & A. P. RY. CO. v. MARTIN. (No. 581.)

(Court of Civil Appeals of Texas. Beaumont. April 17, 1920.)

1. Railroads �köm411(5)—In action for killing cattle, where fence was not permitted, negligence must be shown.

In an action against a railroad for killing cattle at a place where defendant was not permitted to fence its track, it was incumbent on plaintiff to prove negligence on the part of defendant.

2. Railroads �köm446(1)—Conflicting evidence makes question for jury as to negligence in killing cattle.

In an action against a railroad company for killing cattle, where the evidence was conflicting as to whether the engineer and fireman were negligent or whether the killing could not have been avoided after the position of the cattle was discovered, the question was for the jury.

Appeal from Harris County Court; R. M. Love, Special Judge.

Action by John Martin against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, and H. G. Hart, all of Houston, for appellant.
Hardway & Cathey, of Houston, for appellee.

HIGHTOWER, C. J. The appellee, John Martin, brought suit in the county court at

law of Harris county against appellant railway company, for the recovery of damages, alleging that appellant negligently killed one Jersey cow and one Holstein and Jersey cow, and negligently injured two other Jersey cows, and laid his damages at $205, with interest at the legal rate from the date the cattle were killed and injured.

Appellant answered by general demurrer and general denial, and also specially:

"That, if plaintiff's cattle were killed or injured by being struck by a locomotive or train of this defendant, said animals were struck at a point along the line of defendant's railway where the interest or convenience of the public required the said railway to be not fenced, and that defendant had fenced all other portions of its said railway contiguous to such unfenced portion with sufficient fence."

There was another special defensive plea, which became immaterial, and it is unnecessary to mention it.

The case was tried with a jury, and resulted in a verdict and judgment in favor of appellee for $205, together with interest on that amount from September 5, 1917, which was the date of the destruction and injury to appellee's cattle. After its motion for new trial had been overruled, appellant prosecuted an appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston, and by order of the Supreme Court the case was transferred to this court.

[1, 2] There is but one assignment of error in appellant's brief, and by that assignment complaint is made of the refusal of the trial court to peremptorily instruct a verdict in favor of appellant, on the ground that no negligence on the part of appellant was shown. It is true, as claimed by appellant, that at the point at which the accident to the cattle occurred appellant was not permitted to fence its track, and therefore it was incumbent upon appellee to prove negligence on the part of appellant in order to sustain a recovery. We have examined the evidence very carefully, and, without discussing it or mentioning it in detail, we have concluded that the evidence clearly presented an issue of fact for the determination of the jury as to whether appellant's agents and servants in charge of the engine which struck appellee's cattle were guilty of negligence, as claimed by appellee. It is very true, as claimed by appellant, that according to the evidence of its engineer and fireman in charge of the engine at the time, the killing and injury of appellee's cattle could not have been avoided or prevented by the use of means at hand, after the perilous position of the cattle had been discovered by those in charge of the engine, but according to the evidence of two daughters, one a married daughter and the other one single, of appellee, who witnessed the accident, the jury were warranted in finding that appellant's servants in charge of the engine were guilty of negligence, which was a proximate cause of the death and injury to appellee's cattle; there being a material conflict between the evidence of appellant's fireman and engineer and that of appellee's said daughters. No useful purpose would be served by discussing this evidence in detail, and the case presents no new features, and we therefore affirm the judgment without further comment.